## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TREDELL SMITH**

    **Plaintiff,**

– Versus –

**CITY OF NEW ORLEANS;  RONAL W.
SERPAS, in his official capacity as
Superintendent of Police, New Orleans
Police Department; DARRYL ALBERT, in
his official capacity as Deputy
Superintendent of Field Operations,
New Orleans Police Department; OTHA
L. SANDIFER, in his official capacity as
Commander, First District, New Orleans
Police Department;
GARY LEWIS, individually, and in his
official capacity as Supervisor, First
District, New Orleans Police
Department; OFC. STANDERFORD,
individually, and in his official capacity,
as an officer of the K-9 Unit, New
Orleans Police Department; SHELTON
ABRAM and JOSEPH HEBERT, both
individually, and in their official
capacities as officers of New Orleans
Police Department; JOHN DOE,
individually, and in their official
capacities as ranking officers in the New
Orleans Police Department with
supervisory authority; JAMES DOE,
individually and in their official
capacities as officers of the New Orleans
Police Department.**

    **Defendants.**

**NUMBER:  2:14-cv-1559**

**JUDGE:**

**MAG:**

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, TREDELL SMITH, who respectfully represents:

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201and 2202, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988. This action is further instituted pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction is invoked as to matters cognizable under the Constitution and laws of the state of Louisiana, particularly, but not exclusively, La. Civ. Code Ann. arts. 2315, 2316, and 2320.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## II. PARTIES

3. Plaintiff herein is TREDELL SMITH, a person of full age of majority and domiciled in the city of New Orleans, Parish of Orleans, State of Louisiana.

4. Defendants herein are:

   A. CITY OF NEW ORLEANS, a body corporate and political subdivision of the state of Louisiana; it is able to sue and be sued in its own name.

   B. RONAL W. SERPAS is, and at all times relevant hereto, was, the duly appointed Superintendent of Police, New Orleans Police Department and employee of the City of New Orleans. He is sued in his official capacity.

   C. DARRYL ALBERT is, and at all times relevant hereto, was, the duly appointed Deputy Superintendent of Police, for the Bureau of Field Operations, New Orleans Police Department and employee of the City of New Orleans. He is sued in his official capacity.

   D. OTHA L. SANDIFER is, and at all times relevant hereto, was, the duly appointed Commander of the First District, New Orleans Police Department and employee of the City of New Orleans. He is sued in his official capacity.

   E. GARY LEWIS is a person of full age of majority who, at all times relevant

2

hereto, was employed as a Supervisor with the New Orleans Police Department and employee of the City of New Orleans. He was on the scene and participated in the incident at 1812 Columbus Street described herein. He is sued individually and in his official capacity.

F. [FNU] STANDERFORD is a person of full age of majority who, at all times relevant hereto, was employed as an officer in the K-9 Unit of the New Orleans Police Department and employee of the City of New Orleans. His first name and precise surname is unknown, but identifiable. He was on the scene and participated in the incident at 1812 Columbus Street described herein. He is sued individually and in his official capacity.

G. SHELTON ABRAM is a person of full age of majority who, at all times relevant hereto, was employed as an officer with the New Orleans Police Department and employee of the City of New Orleans. He was on the scene and participated in the incident at 1812 Columbus Street described herein. He is sued individually and in his official capacity.

H. JOSEPH HEBERT is a person of full age of majority who, at all times relevant hereto, was employed as an officer with the New Orleans Police Department and employee of the City of New Orleans. He was on the scene and participated in the incident at 1812 Columbus Street described herein. He is sued individually and in his official capacity.

I. JOHN DOE are unknown but identifiable, persons of full age of majority and, at all times relevant hereto, were employed with the New Orleans Police Department and the City of New Orleans as supervisors of Defendants Standerford, Abram, Hebert, and James Doe, and planned, directed, supervised, had knowledge of, or were involved in the activities described herein. They include, but are not limited to, officers of the First District of the New Orleans Police Department, officers of the New Orleans Police Department Special Weapons and Tactics Team, and officers of the New Orleans Police Department K-9 Unit. They are sued individually and in their official capacities.

J. JAMES DOE, are all other persons, unknown but identifiable, of full age of majority who, at all times relevant hereto, were employed with the New Orleans Police Department and the City of New Orleans and planned, participated in, ratified, or condoned the activities described herein and/or were present in or around the building at 1812 Columbus Street at the time of the incident at 1812 Columbus Street described herein. They include, but are not limited to, officers of the First District of the New Orleans Police Department, officers of the New Orleans Police Department Special Weapons and Tactics Team, and officers of the New Orleans Police Department K-9 Unit. They are sued individually and in their official capacities.

3

## III. **FACTS**

5.  Tredell Smith was born on October 14, 1990 in New Orleans, Louisiana were he had continuously resided until his arrest.

6.  On or about July 6, 2013 Defendants Abram and Hebert were conducting a patrol in the Treme neighborhood of New Orleans in their marked squad car.  At approximately 11:07 p.m. they saw Tredell Smith in the next block, who they determined to fit the description of the suspect in an earlier incident.

7.  According to the police report prepared by Defendants Abram and Hebert, they approached Mr. Smith from behind in their squad car, at which point he discarded a handgun and fled.  It is disputed what happened next but at some point Abram and Hebert called for back-up which included the Tactical Team and K-9 Unit.

9.  According to the police report, upon their arrival on the scene, the Tactical Team sought Mr. Smith inside a home at 1479 North Roman Street.  Mr. Smith was not found in the home.  About the same time, Defendant Standerford arrived on the scene with his police dog "Bo."  Bo alerted to the presence of a person under a house in the neighboring block on Columbus Street.

10. Defendant Standerford, Bo's handler, released Bo to pursue the person under the house who was identified as Mr. Smith.  It is disputed what, if any, warning was given prior to Bo's release.

11. Bo aggressively attacked the human target, charging at his face, first.  The attack was allowed to continue, uninterrupted, despite the fact that Mr. Smith was unarmed and laying in a submissive position under the house.  He was not presenting a threat to the multitude of armed officers surrounding him.  Further, Mr. Smith was in no way a flight

4

risk. He was trapped under a house, surrounded by police officers, unable to flee. Yet, Bo was given free reign to maul and tear at Mr. Smith for an open-ended amount of time.

12. Throughout the attack, Bo was allowed to focus almost exclusively on Mr. Smith's face ripping and tearing his face almost beyond recognition. Clearly, this was more force than necessary to subdue an already subdued, immobile individual.

13. Following the attack, Mr. Smith was transported by EMS to Interim LSU Hospital where, upon information and belief, he underwent multiple surgeries to repair and reconstruct his face. Mr. Smith was hospitalized for several days before being transported to Orleans Parish Prison while still in stitches and severely swollen and disfigured.

14. Mr. Smith continues to suffer from debilitating pain and permanent facial scarring and disfigurement which has altered his speech. He continues to require medical treatment for his injuries. Due to Bo's excessive, improper, sustained attack, Mr. Smith will be plagued with slurred speech and facial deformity for the rest of his life.

15. Upon his arrest, eleven grams of marijuana and $182.00 was recovered from Mr. Smith's person. He was charged with flight from an officer, possession of a firearm by a felon, possession with intent to distribute narcotics, and possession of a firearm while in possession of a controlled, dangerous substance. He received a five year sentence which he is currently serving at Avoyelles Correctional Center.

16. Defendants were, or should have been, aware of the improper, excessive use of force exerted on Mr. Smith by the use of the police dog, especially for such a period of time and considering the dog was fixated on Mr. Smith's face.

5

17. Upon information and belief, it is well known in the law enforcement community that police dogs are supposed to be trained not to attack the face and throat areas on suspects particularly because of the enhanced threat to life resulting from injuries in those areas. Despite this widely regarded fact, Mr. Smith was allowed to have his face ripped and mauled repeatedly.

18. At the time of the acts herein complained of, it was contrary to the Constitution and laws of the United States, as well of the State of Louisiana, to subject a person to excessive force and cruel and unusual punishment, unreasonable search or seizure, and deprivation of due process.

19. At the time of the acts here and complained of, Defendants knew or should have known that their actions described herein were contrary to the Constitution and laws of the United States, as well as the State of Louisiana, specifically excessive force and cruel and unusual punishment, unreasonable search or seizure, and deprivation of due process.

## IV. **STATEMENT OF THE CLAIM**

20. Defendant officers violated the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and La. Civ. Code Ann. arts. 2315 and 2316 by using excessive force on Mr. Smith, far in excess of that required under the circumstances, inflicting cruel and unusual punishment upon him, and depriving him of his constitutional right to due process under the law.

21. Defendant officers violated the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and La. Civ. Code Ann. art. 2315 by failing to prevent Mr. Smith's constitutional and statutory rights from being violated by the overkill of force employed by the police dog.

22. Defendants violated La. Civ. Code Ann. arts. 2315 and 2316 by injuring Mr. Smith knowingly, intentionally, recklessly, or negligently.

23. Defendants violated Mr. Smith's rights under state law, including the rights to be free from assault and battery.

24. Defendants violated the Fifth Amendment of the Constitution as applied to the states through the Fourteenth Amendment, and the due process clause of the Fourteenth Amendment by inflicting excessive force and punishment of Mr. Smith without first affording him the due process required under the laws of the United States and of the State of Louisiana.

25. Specifically, Defendants Lewis, Hebert, Abram, Standerford, and James Doe:

    A. Knowingly, intentionally, recklessly, or negligently used force in a situation and under circumstances not requiring the use of force, or alternatively the use of force to the extent exerted, bringing about the injuries sustained by Plaintiff;

    B. Knowingly, intentionally, recklessly, or negligently caused Plaintiff to suffer, both physically and psychologically;

    C. Knowingly, intentionally, recklessly, or negligently orchestrated, conducted, condoned, ratified and/or participated in the application of excessive force and the infliction of cruel and unusual punishment on Plaintiff;

    D. Each had an affirmative duty to prevent each other from violating Plaintiff's constitutional and statutory rights. In failing to do so, they violated Plaintiff's rights pursuant to La. Civ. Code Ann. art. 2315, and the

Fourth, Eighth, and Fourteenth Amendments to the United States Constitution;

26. Specifically, Defendants City of New Orleans, Serpas, Albert, Sandifer, and John Doe:

    A. Had and presently have customs, policies, practices and procedures of negligently and inadequately hiring, training, supervising and retaining police officers, particularly Defendants herein, Lewis, Hebert, Abram, Standeford, and James Doe.  Said negligent and inadequate hiring, training, supervision and retention of said Defendants gave rise to the constitutional and statutory violations set forth herein;

    B. Condoned, ratified, approved and/or otherwise acquiesced in the abuse of Plaintiff;

    C. Are liable for the actions of Defendants Lewis, Hebert, Abram, Standeford, and James Doe under the principle of "respondeat superior."

## V.  RELIEF

WHEREFORE, Plaintiff prays that the Court:

1. Enter a declaratory judgment that the aforementioned facts and practices of Defendants are in violation of the Constitution and the laws United States of America and the State of Louisiana.

2. Enter judgment herein in favor of Plaintiff, and against Defendants, awarding him special, general, punitive and nominal damages in an amount deemed fair and equitable.

3. Enter judgment herein permanently enjoining the aforementioned policies and practices of Defendants as violative of the Constitution, the laws United States of America and the laws of the State of Louisiana and requiring Defendants to immediately take steps to remediate the aforementioned facts and customs.

4. Award Plaintiff the cost of this litigation, together with reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED,

Desherick J. W. Boone, T. A.
LA Bar Roll #34207
**The Boone Law Firm, L.L.C.**
2213 Gentilly Blvd.
New Orleans, LA 70122
Phone (504) 264- 3036
Fax:    (504) 264-9436

*Attorney for the Plaintiff.*

9